**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-1628**

SAMRA ADEL,

Petitioner,

v.

TODD BLANCHE, Acting U.S. Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 29, 2026                                     Decided: July 16, 2026

Before NIEMEYER, THACKER, and HEYTENS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Alaina M. Taylor, MURRAY OSORIO PLLC, Fairfax, Virginia for Petitioner. Brett A. Shumate, Assistant Attorney General, Erica B. Miles, Assistant Director, Vanessa M. Otero, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samra Adel ("Petitioner"), a former refugee from Afghanistan and citizen of Canada, petitions for review of the order of the Board of Immigration Appeals ("BIA") dismissing her appeal of the immigration judge's decision finding her inadmissible and ordering her removal.

We lack jurisdiction to consider Petitioner's factual challenge to the BIA's finding that she made willful misrepresentations in an attempt to gain admission to the United States. *See* 8 U.S.C. § 1252(a)(2)(C), (D) (recognizing that where a petitioner is inadmissible "by reason of having committed a criminal offense covered in [8 U.S.C. §] 1182(a)(2)" – as Petitioner is here -- we lack jurisdiction to review the final order of removal except for "review of constitutional questions or questions of law").

And though we may consider Petitioner's argument that the BIA committed legal error when it found her inadmissible pursuant to 8 U.S.C. § 1182(a)(9)(A)(i), we discern no legal error in the BIA's decision. Petitioner concedes that she was removed pursuant to 8 U.S.C. § 1225(b)(1) on March 12, 2000, and that she subsequently sought admission on March 28, 2000. Because § 1182(a)(9)(A)(i) provides that a noncitizen "ordered removed under section 1225(b)(1) of this title . . . who again seeks admission within 5 years of the date of such removal . . . is inadmissible," the BIA did not commit legal error. Nor did the BIA's decision transform § 1182(a)(9)(A)(i)'s five year period of inadmissibility into a lifetime ban. The BIA simply determined that Petitioner was within the five year period of inadmissibility when she was charged with being inadmissible in December 2001.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*